U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 1 0 2015

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RONNIE WHITE (#392995) | DOCKET NO. 15-CV-1417; SEC. P |
| VERSUS | JUDGE DRELL |
| PROBATION AND PAROLE, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Plaintiff Ronnie White filed the instant civil rights complaint (42 U.S.C. §1983) pro se and in forma pauperis. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections ("DOC"), and he is incarcerated at the Natchitoches Parish Jail in Natchitoches, La. He complains that his parole was wrongfully revoked, and he seeks a reversal of the revocation, a release from custody, termination of any remaining parole, and monetary compensation.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Plaintiff's Allegations*

Plaintiff alleges that, in February 2013, he made several attempts to contact his parole officer in Natchitoches. Eventually, he learned that a new parole officer had been assigned to him. Plaintiff attempted to contact the new officer once he learned his name. On March 4, 2013, Plaintiff appeared at the parole office, and while filling out a report, he was handcuffed by the new parole officer, Mr. Reliford. [Doc. #7, p.5] Plaintiff was

charged with numerous parole violations. He was offered a "90 day turnaround" for a first-time violation, but Plaintiff refused to sign or agree to that recommendation. Plaintiff tried to contact his original parole officer, but could not reach him by telephone. Plaintiff filed a petition for writ of habeas corpus in the Tenth Judicial District Court. The writ was denied. [Doc. #7, p.6] On August 6, 2013, Petitioner was found to have violated his parole, was ordered a 90-day turnaround, but no credit for time served. Plaintiff was release on November 4, 2013. He was rearrested and pleaded guilty to two misdemeanors on December 5, 2013. Plaintiff had another parole hold placed on him. He filed a petition for writ of habeas corpus on April 14, 2015, which was denied.

### *Law and Analysis*

Plaintiff challenges the validity of his parole revocation in 2013 and 2015. "To recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The rule set forth in Heck applies to a challenge to the validity of confinement resulting from a parole-revocation. McGrew v. Texas Bd. of Pardons

& Paroles, 47 F.3d 158, 161 (5th Cir. 1995). Plaintiff's claim for damages is based upon the revocation of his parole, and the sentence imposed for his revocation has not been invalidated by a state or federal court. See id. Thus, his claim for monetary damages is barred by Heck.

Plaintiff's request for a reversal of the revocation, a release from custody, and the termination of any remaining parole also fails. Such relief is not available by way of a civil rights action. Generally, civil rights suits are the proper vehicle to attack the unconstitutional conditions of confinement and prison procedures. See Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997); Cook v. Texas Dept. of Criminal Justice Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994)(holding that a §1983 action is appropriate for recovering damages resulting from illegal administrative procedures, but habeas is the appropriate federal remedy for a state prisoner challenging the fact of his confinement).

A petition for writ of habeas corpus is the proper vehicle to seek a release from custody. See id. However, before filing a federal habeas petition, Plaintiff must exhaust available state court remedies. See Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987), cert. denied, 484 U.S. 956 (1987); Rose v. Lundy, 455 U.S. 509 (1982). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's **highest court** in a procedurally proper

manner. See Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988). Plaintiff states that he filed habeas petitions in the 10th Judicial District Court, but he has not presented his claims to the State's highest court in a procedurally proper manner.[1]

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** under 28 U.S.C. §1915(e)(2)(B) and 1915A.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS,**

---

[1] The district court's denial of such a claim is not appealable; however, it is reviewable by the appropriate court of appeal by supervisory writ. LSA-C.Cr.P. art. 369; Bernard v. Louisiana Dept. of Public Safety and Corrections, 2000-1912 (La.App. 1 Cir. 9/20/02), 843 So.2d 413. Thereafter, a state habeas petitioner must seek further review in the Louisiana Supreme Court.

CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of June, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE